UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>            Petitioner,<br><br>       v.<br><br>WARDEN,<br><br>            Respondent. | Case No.  2:25-cv-1628-JDP (P)<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition cannot proceed past screening because it brings claims not cognizable on federal habeas review. I will dismiss the current petition and give petitioner an opportunity to amend and to explain why this action should proceed. I will grant petitioner's application to proceed *in forma pauperis*, ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

The petition raises two claims. First, petitioner raises a claim related to his "right to strikes." ECF No. 1 at 5. He contends that he is a "non striker offender," and has "rights to a use of three strikes" to reduce his sentence. *Id.* Second, he raises a claim related to his "right to a use of a pardon" to reduce his sentence. *Id.* at 4. Notably, the petition contains no facts to support these contentions and identifies no constitutional rights as its basis. *See generally id.*

Petitioner's claims cannot proceed past screening for two reasons. First, it appears petitioner's claims are not cognizable in a federal habeas petition because his claims center around his sentencing. *See Sethi v. L.A. Cty. Sheriffs*, No. CV 19-4710-AG(E), 2019 WL 4648497, *4 (C.D. Cal. Jun. 5, 2019) ("Matters relating to sentencing and serving of a sentence generally are governed by state law and do not raise a federal constitutional question."). Petitioner makes no allegations that his sentence violates the constitution, further demonstrating that his claims are not cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (holding that federal habeas relief cannot be granted based on errors of state law).

Additionally, petitioner's claims are conclusory. He offers no factual support and does not sufficiently explain his claims in a way that would enable the court to conduct an adequate review of his complaints. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

Rather than recommending immediate dismissal, I will permit petitioner to amend his petition and better explain the nature of his claims and why they should proceed. If petitioner fails to amend within thirty days, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. The petition, ECF No. 1, is DISMISSED with leave to amend.

2. Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

6. Petitioner's motions for certificate of rehabilitation and pardon, ECF Nos. 7 & 8, are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE