UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | Case No. 2:25-cv-1628-WBS-JDP (P) |
| Petitioner, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner Branden Willie Iseli, a state prisoner, brought this section 2254 action attacking a state conviction for murder, attempted murder, and elder abuse. ECF No. 10 at 1. Respondent has moved to dismiss the petition, arguing that it is successive, untimely, and contains unexhausted claims. ECF No. 19. Petitioner has filed an opposition, ECF No. 20, and respondent has filed a reply, ECF No. 21. For the reasons stated hereafter, I agree with respondent's argument and recommend that the petition be dismissed.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*

*Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal.

The petition is successive. Respondents point out that petitioner has filed two previous federal habeas petitions, *Iseli v. Lynch*, 2:22-cv-01483-TLN-EFB and *Iseli v. Lynch*, 2:24-cv-00837-WBS-SCR. The first of these was denied on the merits; the latter as successive. Plaintiff's opposition, ECF No. 20, offers no counterargument. Such successive petitions are barred until and unless the petitioner receives permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). He has not argued or shown that he has sought and received that permission. This alone is reason enough to recommend that the petition be dismissed.

The petition is also untimely. Respondent argues that the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act began to run on September 13, 2022—ninety days after the California Supreme Court denied review and the state direct appeals process concluded.[1] ECF No. 19 at 3. Petitioner does not offer any counterargument or alternate timeline. Thus, petitioner had until September 13, 2023, to file his federal petition.[2] He did not file the immediate petition until June 12, 2025, however. ECF No. 1.

Based on the foregoing, I find that respondents' motion to dismiss should be granted.

Accordingly, it is ORDERED that petitioner's motion for extension of time to make corrections, ECF No. 22, and motion for an extension of time and to transfer, ECF No. 15, are DENIED without prejudice to renewal if these recommendations are not adopted.

Further, it is RECOMMENDED that respondent's motion to dismiss, ECF No. 19, be GRANTED, and the petition be DISMISSED as successive and untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

---

[1] Such state court records are appropriate for judicial notice. *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964).

[2] The previously filed federal habeas petitions do not toll the statute of limitations for the Anti-Terrorism and Effective Death Penalty Act. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("The Supreme Court recently held that an application for federal habeas corpus relief does not toll the limitations period pursuant to § 2244(d)(2).") (citing *Duncan v. Walker*, 533 U.S. 167 (2001)).

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   December 4, 2025                            _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE